IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT ALLEN CLARK )
)
)
Plaintiff, )
)
v. ) Civil Action No. _____
) JURY DEMANDED
INVESTIGATOR JEFF MILLER, both in his )
Individual and Official Capacity; )
WASHINGTON COUNTY SHERIFF ED )
GRAYBEAL, both in his Individual and )
Official Capacity; and )
WASHINGTON COUNTY, TENNESSEE, )
)
Defendants. )

## COMPLAINT

### JURISDICTION

Jurisdiction is proper in this court based upon 42 U.S.C. § 1983 because the conduct committed by the defendants was committed by a "person [acting] under color of any statute, ordinance, regulation, custom, or usage, of any State," which deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution" and laws of the United States, that is, the plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and the plaintiff's Fourteenth Amendment right to due process of the law. 42 U.S.C. § 1983. The plaintiff also asserts claims against the defendants for unlawful arrest, false imprisonment, and malicious prosecution which are subject to the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

1

1367(a), because plaintiff's state law claims against the defendants arise out of the same facts and form part of the same case or controversy as the federal claims.

1. Plaintiff, ROBERT ALLEN CLARK, is a citizen and resident of Lawrence County, Tennessee, residing at 502 9th Street Lawrenceburg, Tennessee 38464.

2. That the defendant, INVESTIGATOR JEFF MILLER ("Miller"), is a citizen and resident of Washington County, Tennessee, and an employee of the Washington, County Sheriff's Department, who can be served at 112 W. Jackson Blvd., Jonesborough, Tennessee 37659. This defendant is sued in his individual and official capacity.

3. That the defendant, WASHINGTON COUNTY SHERIFF ED GRAYBEAL ("Sheriff Graybeal"), is a citizen and resident of Washington County, Tennessee, and an employee of the Washington, County Sheriff's Department, who can be served at 112 W. Jackson Blvd., Jonesborough, Tennessee 37659. This defendant is sued in his individual and official capacity.

4. That the defendant, WASHINGTON, COUNTY, TENNESSEE, ("Washington County") is a governmental entity located in Washington County, Tennessee, and may be served with service of process at 100 E. Main, Jonesborough, Tennessee 37559.

## FACTUAL BACKGROUND

5. On July 22, 2010, William Rowland, Jr., reported a burglary, theft and vandalism of his property at 6635 and 6623 on the Kingsport Hwy., Gray, Tennessee. The offenses the plaintiff was charged with committing occurred on or about June 18, 2010, to on or about July 22, 2010. On or about July 22 or July 23, 2010, an Offense

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

2

Report and Supplemental Offense Report were prepared by the Washington County Sheriff's Office. (See **Exhibit A** and **B** attached hereto). The Supplemental Report reflects that Suspect 1 of 3 is Robert Clark of Gate City, Virginia whose telephone number is 276-386-6709. (See **Exhibit B**).

6. Instead Miller, acted "with something akin to deliberate indifference" insofar as Miller had the tools at his immediate disposal to confirm or to deny whether the individual named in the Supplemental Report, including a location, telephone number, and physical description, was Robert A. Clark who he pursued, prosecuted, and caused to be incarcerated for forty-two (42) days. See *Gray v. Cuyahoga County Sheriff's Department,* 150 F.3d 579, 582 (6th Cir.1998). A simple telephone call to the number listed on the Supplemental Report dated July 23, 2010, (See **Exhibit B**) would have confirmed that Robert L. Clark, whose place of business was Circle C Recycling in Gate City, Virginia, with the telephone number of (276)386-6709, was the person who went to the Rowland's property. (See Collective **Exhibit C**).[1]

7. Miller failed to pursue the investigation of Robert L. Clark who was in miles of his office in Gray, Tennessee, with deliberate indifference insofar as Miller had the tools at his immediate disposal to confirm or to deny the identity of the individual named in the Supplemental Report, including a location, telephone number, and physical description. With deliberate indifference to such obviously exonerating information, Miller chose instead to run NCIC check which contained the name of Robert A. Clark among others. Choosing Robert A. Clark, with deliberate indifference

---

[1] Robert L. Clark phone number 276-386-6709 operated a recycling business in Gate City, Virginia and had been asked by the true persons who actually committed the crime to come and give an estimate on how much he would pay for the items in question. Robert L. Clark did not commit a crime.

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

3

and reckless disregard for the truth in spite of readily available and obviously exonerating information, Miller pursued his reckless investigation and prosecution of the plaintiff.

8. Sheriff Graybeal and Washington County failed to supervise and/or monitor Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence in any of the documents Miller submitted during his investigation and prosecution of Robert A. Clark that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County supervised and/ or monitored Miller's investigation, conclusions, or documentation of his findings during his investigation and prosecution of the plaintiff. Instead, Sheriff Graybeal and/or any agent acting on his behalf or Washington County or any agent and/or employee of Washington County merely acquiesced and tolerated Miller's deliberate indifference and reckless investigation and prosecution of the plaintiff.

9. The least investigation by Miller would have revealed that during this time frame the plaintiff had been working for a concrete company in New Castle, Indiana, and that he was a resident of Springport, Indiana. Instead Miller, with deliberate indifference and reckless disregard for the truth, pursued his bogus investigation and prosecution of the plaintiff. Sheriff Graybeal and Washington County failed to monitor and/or supervise Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence in any of the documents Miller submitted during his investigation and prosecution of Robert A. Clark

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

that Sheriff Graybeal or an agent acting on his behalf or that any agent or employee of Washington County supervised and/or monitored Miller's investigation, conclusions, or documentation of his findings prior to the prosecution of the plaintiff. Instead, Sheriff Graybeal and/or any agent acting on his behalf or Washington County or any agent and/or employee of Sullivan County merely acquiesced and tolerated Miller's reckless investigation and prosecution of the plaintiff.

10. In September 28, 2010, an arrest warrant was issued for Robert A. Clark based upon the affidavit of Miller even though the least investigation on his part would have revealed that Robert L. Clark was the person who went to the Rowland's property.[1] above Instead Miller, with deliberate indifference and reckless disregard for the truth, pursued his reckless investigation and prosecution of the plaintiff. Sheriff Graybeal and Washington County failed to supervise Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence on any of the documents Miller submitted during his investigation and prosecution of the defendant that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County monitored and/or supervised Miller's investigation, conclusions, or documentation of his findings prior to Miller's obtaining a warrant for the prosecution of the plaintiff. (See **Exhibit D**).

11. On March 22, 2011, Miller caused Detective Monica Powers ("Powers") to obtain an arrest warrant based upon an affidavit of complaint that she executed that same date because she relied on the investigation of Miller and the information that he provided to her. Powers charged the plaintiff with 19 counts of forgery, 19 counts of

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

identity theft, and 1 count of theft over $1,000.00 for checks that were stolen from the Rowland property and subsequently passed at various businesses in Sullivan County. She specifically stated "[i]nvestigation by Washington County, TN Sheriff's Office, Detective Jeff Miller, determined the suspect to be Robert Allen Clark." (See **Exhibit E**). In reckless disregard for readily available exonerating evidence which could have easily been obtained from Robert L. Clark[1], Miller caused Powers to obtain an extradition warrant against the plaintiff and have him arrested in Henry County, Indiana.

12. On August 31, 2012, the plaintiff was arrested by Henry County, Indiana authorities, without a warrant, to be held without bail for an initial period of up to 30 days. (See **Exhibit F**).

13. On August 31, 2012, the plaintiff waived extradition in the Circuit Court for Henry County, Indiana. (See **Exhibit G**).

14. On September 23, 2012, the plaintiff appeared in the General Sessions Court for Sullivan County, and he was bound over to the Sullivan Grand Jury. (See **Exhibit H**). On October 9, 2012, the defendant's motion for bond was granted and his bond was filed on October 11, 2012. He was ordered to appear on November 16, 2012, but when he appeared on that date, upon motion of the State, all the Sullivan County charges were dismissed against him. (See **Exhibit H**).

15. Despite his repeated assertions of mistaken identity, the plaintiff, who is cognitively limited, was kept in jail for forty-two (42) days. At all times material, his incarceration was based upon the reckless investigation and prosecution of Miller.

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

6

16. On November 21, 2012, the plaintiff posted bail in the General Sessions Court for Washington County, Tennessee. (See **Exhibit I**).

17. On November 5, 2013, an indictment was returned against Robert A. Clark, (See **Exhibit J**), based upon the recklessly false grand jury testimony of Miller even though the least investigation on his part would have revealed that Robert L. Clark[1] was the person who went to the Rowland's property. Instead Miller, with deliberate indifference and reckless disregard for the truth, pursued his reckless prosecution of the plaintiff. Sheriff Graybeal and Washington County failed to supervise Miller in his reckless indictment of the plaintiff even though it was apparent that this investigation would lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence on any of the documents Miller submitted during his indictment of the plaintiff that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County monitored and/or supervised Miller's investigation or documentation of his findings prior to Miller's obtaining an indictment for the prosecution of the plaintiff.

18. The plaintiff filed a Motion to Dismiss and Notice of Alibi Witness on June 3, 2015. All charges in Washington County against Robert A. Clark were dismissed by the State of Tennessee on July 17, 2015, because of "mistake in identity- different Robert Clark." (See **Exhibit K**).

### FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

The facts set out in paragraphs 5-18 are incorporated by reference herein.

These facts establish that the defendants violated the plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and the plaintiff's

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

7

Fourteenth Amendment right to due process of the law. 42 U.S.C. § 1983. Under the principles of the Fourth Amendment, any arrest requires probable cause which did not exist in this case. *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir.2000). These facts also establish plaintiff's unlawful arrest and unlawful forty-two day imprisonment which is enough to state a claim for a deprivation of liberty without due process of law.

The plaintiff was arrested without probable cause when the defendant Miller, with deliberate indifference, recklessly identified the plaintiff as the suspect in passing the Rowland stolen checks to Sullivan County Detective Powell which caused her to charge the plaintiff and extradite him from the State of Indiana which caused his illegal incarceration for forty-two (42) days. This arrest and detention was without due process of the law because Miller, in fact, had no probable cause to charge or arrest the plaintiff because Miller had the tools at his immediate disposal in July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report which included a location and telephone number was, in fact, Robert L. Clark of Gray, Tennessee,[1] and not the plaintiff Robert A. Clark of Indiana who he caused to be arrested by Sullivan County and wrongfully incarcerated for forty-two (42) days.

For the very same reasons, that is, Miller had the tools at his immediate disposal in July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report which included a location and telephone number was, in fact, Robert L. Clark of Gate City, Virginia,[1] and not the plaintiff Robert A. Clark of Indiana. Miller had no probable cause to charge, indict and arrest the

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

8

plaintiff in Washington County, Tennessee and his actions in that county also constitute false arrest/false imprisonment.

Sheriff Graybeal and Washington County failed to supervise and/or Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence in any of the documents Miller submitted during his investigation and prosecution of Robert A. Clark that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County supervised and/or monitored Miller's investigation, conclusions, or documentation of his findings during his investigation and prosecution of the plaintiff. These omissions by Sheriff Graybeal and Washington County were operational in nature and not subject to immunity because the omission: (1) occurred in the absence of a formulated policy guiding the conduct or omission; and/or (2) because the conduct deviated from an established plan or policy. Instead, Sheriff Graybeal and/or any agent acting on his behalf or Washington County or any agent and/or employee of Washington County merely acquiesced and tolerated Miller's deliberate indifference and reckless investigation and prosecution of the plaintiff.

Therefore, the defendants violated the plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and the plaintiff's Fourteenth Amendment right to due process of the law in both Sullivan and Washington County, Tennessee.

As a result of the defendants' violation of the plaintiff's Fourth and Fourteenth Amendment rights, the plaintiff suffered the following damages:

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

a. He has suffered past and future lost wages due to his false imprisonment and being falsely accused of a crime.

b. He was humiliated and his confidence was destroyed which had a serious adverse effect on his ability to function due to his cognitive limitations.

c. He was falsely incarcerated for forty-two (42) days.

d. He was forced to pay in excess of $17,000.00 in attorney fees and expenses for his defense to the unfounded charges.

e. He was forced to rely on a relative to drive him to East Tennessee from Lawrenceburg, Tennessee, communicate for him and assist him in his defense against these false charges.

f. He was forced to incur expense for travel to court, meals and lodging, while defending himself and proving his innocence.

### SECOND CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

The facts set out in paragraphs 5-18 are incorporated by reference herein.

The foregoing facts establish that the plaintiff suffered a false arrest and false imprisonment under Tennessee common-law. The plaintiff was restrained or detained against his will when Miller, with deliberate indifference, recklessly identified the plaintiff as the suspect in passing the Rowland stolen checks to Sullivan County Detective Powell which caused her to charge the plaintiff and extradite him from the State of Indiana which caused his illegal incarceration for forty-two (42) days. This restraint or detention was unlawful because Miller, in fact, had no probable cause to charge or arrest the plaintiff because Miller had the tools at his immediate disposal in

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

10

July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report, which included a location and telephone number, was in fact Robert L. Clark of Gate City, Virginia,[1] and not the plaintiff Robert A. Clark of Indiana who he caused to be arrested by Sullivan County and wrongfully incarcerated for forty-two (42) days.

For the very same reasons, that is, Miller had the tools at his immediate disposal in July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report, which included a location and telephone number, was, in fact, Robert L. Clark of Gate City, Virginia,[1] and not the plaintiff Robert A. Clark of Indiana. Miller had no probable cause to charge, indict and arrest the plaintiff in Washington County, Tennessee and his actions in that county also constitute false arrest/false imprisonment.

Sheriff Graybeal and Washington County failed to supervise and/or monitor Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence in any of the documents Miller submitted during his investigation and prosecution of Robert A. Clark that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County supervised and/or monitored Miller's investigation, conclusions, or documentation of his findings during his investigation and prosecution of the plaintiff. These omissions by Sheriff Graybeal and Washington County were operational in nature and not subject to immunity because the omission: (1) occurred in the absence of a formulated policy guiding the conduct or omission; and/or (2) because the conduct deviated from an established

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

plan or policy. Instead, Sheriff Graybeal and/or any agent acting on his behalf or Washington County or any agent and/or employee of Washington County merely acquiesced and tolerated Miller's deliberate indifference and reckless investigation and prosecution of the plaintiff.

Therefore, the defendants are guilty of plaintiff's false imprisonment and false arrest in both Sullivan and Washington County, Tennessee.

As a result of the defendants' false arrest and false imprisonment of the plaintiff, the plaintiff suffered the following damages:

 a. He has suffered past and future lost wages due to his false imprisonment and being falsely accused of a crime.

 b. He was humiliated and his confidence was destroyed which had a serious adverse effect on his ability to function due to his cognitive limitations.

 c. He was falsely incarcerated for forty-two (42) days.

 d. He was forced to pay in excess of $17,000.00 in attorney fees and expenses for his defense to the unfounded charges.

 e. He was forced to rely on a relative to drive him to East Tennessee from Lawrenceburg, Tennessee, communicate for him and assist him in his defense against these false charges.

 f. He was forced to incur expense for travel, meals and lodging, while defending himself and proving his innocence.

### THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION

The facts set out in paragraphs 5-18 are incorporated by reference herein.

12

Case 2:16-cv-00069-RLJ-MCLC   Document 1   Filed 03/31/16   Page 12 of 16
PageID #: 12

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

These facts to establish the essential elements of malicious prosecution, that is, the plaintiff had (1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor. Malice can be inferred where there was no probable cause to prosecute the plaintiff.

The foregoing facts establish that the plaintiff suffered a malicious prosecution under Tennessee common-law. The plaintiff was restrained or detained against his will when Miller, with deliberate indifference, recklessly identified the plaintiff as the suspect in passing the Rowland stolen checks to Sullivan County Detective Powell which caused her to charge the plaintiff and extradite him from the State of Indiana which caused his illegal incarceration for forty-two (42) days. This restraint or detention was unlawful because Miller, in fact, had no probable cause to charge or arrest the plaintiff because Miller had the tools at his immediate disposal in July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report, which included a location and telephone number, was in fact Robert L. Clark of Gate City, Virginia,[1] and not the plaintiff Robert A. Clark of Indiana who he caused to be arrested by Sullivan County and wrongfully incarcerated for forty-two (42) days. The Sullivan County prosecution was terminated in favor of the plaintiff on November 16, 2012. Therefore, the actions in Sullivan County constitute malicious prosecution.

For the very same reasons, that is, Miller had the tools at his immediate disposal in July of 2010 to confirm the individual and number 1 suspect named in the Washington County Supplemental Report, which included a location and telephone

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

13

number, was, in fact, Robert L. Clark of Gray, Tennessee, and not the plaintiff Robert A. Clark of Indiana. Miller had no probable cause to charge, indict and arrest the plaintiff in Washington County, Tennessee. The Washington County prosecution was terminated in his favor on July 17, 2015. Therefore, the actions in Washington County also constitute malicious prosecution.

Sheriff Graybeal and Washington County failed to supervise and/or monitor Miller in his reckless investigation of the plaintiff even though it was apparent that this investigation could lead to the felony criminal prosecution of the plaintiff and his incarceration. There is no evidence in any of the documents Miller submitted during his investigation and prosecution of Robert A. Clark that Sheriff Graybeal or an agent acting on his behalf or that any employee of Washington County supervised and/or monitored Miller's investigation, conclusions, or documentation of his findings during his investigation and prosecution of the plaintiff. These omissions by Sheriff Graybeal and Washington County were operational in nature and not subject to immunity because the omission: (1) occurred in the absence of a formulated policy guiding the conduct or omission; and/or (2) because the conduct deviated from an established plan or policy. Instead, Sheriff Graybeal and/or any agent acting on his behalf or Washington County or any agent and/or employee of Washington County merely acquiesced and tolerated Miller's deliberate indifference and reckless investigation and prosecution of the plaintiff.

Therefore, the defendants are guilty of a plaintiff's malicious prosecution in both Sullivan and Washington County, Tennessee.

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

As a result of the defendants' malicious prosecution of the plaintiff, the plaintiff suffered the following damages:

a. He has suffered past and future lost wages due to his false imprisonment and being falsely accused of a crime.

b. He was humiliated and his confidence was destroyed which had a serious adverse effect on his ability to function due to his cognitive limitations.

c. He was falsely incarcerated for forty-two (42) days.

d. He was forced to pay in excess of $17,000.00 in attorney fees and expenses for his defense to the unfounded charges.

e. He was forced to rely on a relative to drive him to East Tennessee from Lawrenceburg, Tennessee, communicate for him and assist him in his defense against these false charges.

f. He was forced to incur expense for travel, meals and lodging, while defending himself and proving his innocence.

**PRAYER FOR RELIEF**

Therefore, the Plaintiff, ROBERT ALLEN CLARK, requests this Honorable Court address and order one or more of the following:

1. That a jury be impaneled to try this cause;

2. That the Court order payment of compensatory damages to the plaintiff;

3. Order the defendants to pay the costs of this cause;

4. Award plaintiff attorney fees; and

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

5. Award and Order any and all other such further relief to which plaintiff may be entitled.

Respectfully submitted,

/s/ Denise S. Terry
Denise S. Terry, BPR# 012478

Of Counsel:

THE TERRY LAW FIRM
918 West First North Street
P.O. Box 724
Morristown, TN 37814
423-586-5800

THE TERRY LAW FIRM
ATTORNEYS AT LAW
918 WEST FIRST NORTH STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

16

Case 2:16-cv-00069-RLJ-MCLC   Document 1   Filed 03/31/16   Page 16 of 16   PageID #: 16