UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ROBERT ALLEN CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-69 |
| | ) |
| INVESTIGATOR JEFF MILLER, both in his | ) |
| Individual and Official Capacity; | ) |
| WASHINGTON COUNTY SHERIFF ED | ) |
| GRAYBEAL, both in his Individual and | ) |
| Official Capacity; and WASHINGTON | ) |
| COUNTY, TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Dismiss [doc. 6], Defendants' Brief in Support of Motion to Dismiss [doc. 7], Plaintiff's Response [doc. 8], and Defendants' Reply [doc. 9]. For the reasons herein, the Court will grant Defendants' motion.

### I.  BACKGROUND

Plaintiff Robert Allen Clark ("Mr. Clark") alleges that a burglary, theft, and vandalism occurred at a property in Gray, Tennessee, on July 22, 2010. [Compl., doc. 1, ¶ 5]. In response, the Washington County Sheriff's Office prepared an Offense Report [doc. 1-1] and a Supplement Report [doc. 1-2], in which a different Robert Clark—Robert Clark

of Gate City, Virginia—is listed as the suspect, [*id.* at 2].[1] Mr. Clark claims that Detective Jeff Miller ("Detective Miller"), an investigator in the Washington County Sheriff's Office, mistakenly pursued him for the crimes that took place in Gray and instead should have pursued Robert Clark of Gate City, Virginia, the suspect in the Supplement Report. [Compl. ¶¶ 6–7]. Mr. Clark alleges that, based on an affidavit in which Detective Miller is the affiant, authorities issued a warrant for his arrest. [*Id.* ¶ 10]. Mr. Clark also claims that Detective Monica Powers, relying on information from Detective Miller's investigation, obtained a warrant for his arrest in Sullivan County, Tennessee. [*Id.* ¶ 11]. According to Mr. Clark, this warrant was based on charges of forgery, identity theft, and theft relating to checks that had been stolen from the property in Gray and passed at various businesses in Sullivan County. [*Id.*].

On or about August 31, 2012, Mr. Clark was arrested, [*see* Order of Initial Appearance, doc. 1-7, at 1], and he asserts that he spent forty-two days in jail, despite repeatedly informing authorities that they had detained the wrong person, [Compl. ¶¶ 12, 15]. Mr. Clark claims that the state dismissed the charges against him in Sullivan County on November 16, 2012, [*id.* ¶ 14], and dismissed the charges in Washington County on July 17, 2015, [*id.* ¶ 18; *see* Notice of Dismissal, doc. 1-12, at 1]. According to Mr. Clark, the state dismissed the charges because of a "mistake in identity—different Robert Clark." [Compl. ¶ 18]. As a result, Mr. Clark filed this action against Detective Miller, Sheriff Ed

---

[1] Mr. Clark alleges that his name is identical to this person's name, apart from their middle initials. [Compl. ¶ 6].

Graybeal,[2] and Washington County, Tennessee, alleging a violation of 42 U.S.C. § 1983 (Count I), common-law false arrest and false imprisonment (Count II), and common-law malicious prosecution in both Sullivan County and Washington County (Count III). Defendants now request that this Court dismiss all three counts.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." In determining whether to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In addition, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

---

[2] Mr. Clark claims that Sheriff Graybeal failed to supervise and monitor Detective Miller's investigation. [*Id.* ¶¶ 8–10].

3

Defendants argue that Mr. Clark's claims for a violation of § 1983, false arrest and false imprisonment, and malicious prosecution arising in Sullivan County require dismissal because they are time-barred under the applicable statutes of limitation. [Defs.' Mot. to Dismiss at 3–5]. Defendants also contend that, although the claim for malicious prosecution in Washington County is not time-barred like the other claims, it nevertheless requires dismissal because Mr. Clark fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). [*Id.* at 5–7]. In response, Mr. Clark argues that his claim under § 1983 really consists of three causes of action: false arrest, false imprisonment, and malicious prosecution—all under § 1983. [Pl.'s Resp., doc. 8, at 8–9]. Mr. Clark concedes, however, that "[a]fter further review" his claims for false arrest and false imprisonment under § 1983 in fact are time-barred. [*Id.* at 8].[3] He also admits "[a]fter further review" that his common-law claims for false arrest and false imprisonment are time-barred. [*Id.* at 8, 9]. He maintains, however, that his claims for malicious prosecution under § 1983 and common-law malicious prosecution arising in both Sullivan County and Washington County remain viable. [*Id.* at 8–14].

**A. Malicious Prosecution under § 1983**

As an initial matter, the Court must address whether Mr. Clark has pled his claims under § 1983 in a permissible format. Specifically, the Court must consider whether a party may allege a claim for false arrest, false imprisonment, and malicious prosecution all lumped into one count that is titled with the broad heading "Violation of 42 U.S.C. § 1983."

---

[3] In light of this concession, Mr. Clark should have dismissed these claims voluntarily rather than leave them pending. *See* Fed. R. Civ. P. 11(b); Fed. R. Civ. P. 41(a).

4

[Compl. at 7]. More succinctly, Mr. Clark has not pled separate claims for false arrest, false imprisonment, and malicious prosecution under § 1983. Federal Rule of Civil Procedure 10(b) states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."

The constitutional tort of malicious prosecution, as opposed to the common-law rendition of the tort, is a "separate transaction or occurrence" from the constitutional tort of false arrest. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) ("The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007))). By failing to allege these separate claims in separate counts, Mr. Clark has resorted to a haphazard style of pleading that is contrary to Rule 10(b). Even so, the Court is loath to dismiss Mr. Clark's claim for constitutional malicious prosecution on this basis because the Sixth Circuit "has not explicitly addressed whether failure to separately state counts provides grounds for a court to . . . dismiss the claim." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 n.2 (6th Cir. 2013). The Court therefore will give Mr. Clark the benefit of the doubt and not dismiss these claims for non-compliance with Rule 10(b). *See Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005) ("[U]nder the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery." (citing *Conley v. Gibson*, 355 U.S. 41, 498 (1957))).

*1. The Prosecution in Sullivan County*

Section 1983 permits a cause of action for damages against "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983," *Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004) (citing *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985)), and "[f]or § 1983 actions arising in Tennessee, the statute of limitations is one year," *id.* (citing Tenn. Code Ann. § 28-3-104(a)(3)). Although Tenn. Code Ann. subsection 28-3-104(a)(3) governs the timeliness of Mr. Clark's claims under § 1983, the Court does not rely on it to determine *when* these claims became actionable, or simply, when the statute of limitations began to run. Rather, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Kato*, 594 U.S. at 388.

A cause of action for malicious prosecution under § 1983 accrues when the underlying criminal proceeding terminates in the plaintiff's favor. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (observing that a constitutional claim for malicious prosecution "did not accrue until plaintiff was acquitted"); *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir. 1982) (stating that "favorable termination of the prior criminal proceeding marks the point at which a 1983 claim for malicious prosecution accrues" (citations omitted)). Although a cause of action under § 1983 ordinarily accrues when a plaintiff knew or should have known of the injury, *Fox*, 489 F.3d at 233, "malicious

6

prosecution claims are unique because termination of the underlying criminal proceeding is often an element of the claim itself," *Lillard v. City of Murfreesboro*, No. 3:07-1036, 2009 WL 2047048, at *8 (M.D. Tenn. July 10, 2009) (citing *McCune v. City of Grand Rapids*, 842 F.2d 903, 905, 907 (6th Cir. 1988)); *see Sykes*, 625 F.3d at 309 (determining that one of the elements of a claim for malicious prosecution under § 1983 is resolution of the criminal proceeding in the plaintiff's favor).

Mr. Clark alleges that the state dismissed the charges against him in Sullivan County on November 16, 2012. [Compl. ¶ 14]. Accepting this allegation as true, the Court concludes that Mr. Clark's claim for malicious prosecution—which he filed on March 31, 2016—is time-barred by Tenn. Code Ann. subsection 28-3-104(a)(3). *See White v. Rockafellow*, No. 98-1242, 1999 WL 283905, at *1 (6th Cir. Apr. 27, 1999) (stating that a criminal case terminated in the plaintiff's favor when the prosecutor allegedly filed a notice of nolle prosequi). The Court therefore will dismiss this claim.

### 2. *The Prosecution in Washington County*

To state a plausible claim for malicious prosecution under § 1983, Mr. Clark must plead sufficient facts that show: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute," (2) "that there was a lack of probable cause for the criminal prosecution," (3) "that, 'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, apart from the initial

7

seizure," and (4) that "the criminal proceeding [was] resolved in the plaintiff's favor." *Sykes*, 625 F.3d at 308–09 (footnote and quotations omitted).

The Court must first address Mr. Clark's characterization of his claims against Detective Miller and Sheriff Graybeal as both individual-capacity claims and official-capacity claims. [*See* Compl. at 1]. Under § 1983, an individual-capacity claim is different from an official-capacity claim in that an individual-capacity claim attaches personal liability to a state official for the alleged wrongdoing whereas an official-capacity claim attaches liability only to the government entity. *Essex v. County of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013); *see Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent."). In other words, when a party alleges that state officials in their official capacities have violated § 1983, the allegations apply to the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that a lawsuit against a government official is "in all respects other than name, to be treated as a suit against the [government] entity" itself); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State." (citation omitted)). The Court therefore will treat Mr. Clark's official-capacity claims for malicious prosecution against Detective Miller and Sheriff Graybeal as claims against Washington County.

Mr. Clark alleges that his indictment was "based upon the recklessly false grand jury testimony of Miller" and his "deliberate indifference and reckless disregard for the truth." [Compl. ¶ 17]. Defendants, however, argue that Mr. Clark's claim for malicious

8

prosecution must fail because the Washington County grand jury's indictment renders it untenable. [Defs.' Reply at 2–3]. "[I]t has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (quotation omitted). An exception to his rule, however, applies when (1) a police officer knowingly presents false testimony to obtain the indictment or testifies with a reckless disregard for the truth and (2) the testimony was material to the finding of probable cause. *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014); *Sykes*, 625 F.3d at 312.

The Court has found only minimal guidance in this circuit regarding the meaning of the phrase "reckless disregard for the truth," in the context of a claim for malicious prosecution under § 1983. This amorphous phrase leaves the Court to contemplate whether the appropriate standard is a measure of intentional conduct, mere negligence, or something in between the two. In *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999)—a case that while not squarely on point is still instructive—the Sixth Circuit considered whether an officer's investigation of a plaintiff was so flawed that it deprived the officer of qualified immunity in a § 1983 action. *Id.* at 372–74. The plaintiff claimed that the investigation, which resulted in his allegedly false arrest, was faulty because the officer did not gather evidence, interview witnesses at the scene, view the scene, or reconstruct the alleged event. *Id.* at 373. The Court recognized that the officer could be liable for the arrest only if he obtained the arrest warrant through "deliberate falsehood or acted with a reckless disregard for the truth," and that negligence is insufficient. *Id.* (quotation omitted). Based on this standard, the Court determined that "[a]t best . . . the investigation's lack of thoroughness might

9

support an inference of negligence, but it does not demonstrate knowing or intentional behavior" that rises to a reckless disregard for the truth. *Id.* at 373–74.

One of the important takeaways from *Ahlers* is that the Court appeared to equate reckless disregard for the truth with knowing or intentional behavior—an association that is not inconsistent with how courts have construed the phrase "reckless disregard" in other legal contexts. *Cf. Cobb v. Time, Inc.*, 278 F.3d 629, 637 (6th Cir. 2002) (recognizing that, in a lawsuit involving libel, "'reckless disregard for the truth" means that the defendant must have had "a 'high degree of awareness of . . . probable falsity'" and that the "failure to investigate . . . even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard" (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989))). When alleging a claim that has knowledge or intent as an element, the pleading requirements under Rule 8 still apply, and sufficient facts are therefore necessary to support allegations of knowledge or intent. *Cf. Iqbal*, 556 U.S. at 686–87. A conclusory assertion regarding knowledge or intent therefore is insufficient unless the factual context as a whole lends it plausibility. *Cf. Iqbal*, 556 U.S. at 686. In a similar vein, when "the context makes the factual allegations at most consistent with both conduct that is actionable and conduct that is not, more is required to 'nudge[] [the] claims across the line from conceivable to plausible.'" *Deom v. Walgreen Co.*, 591 F. App'x 313, 320 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570); *see Iqbal*, 556 U.S. at 681 (holding that allegations of improper motive are insufficient when, in light of "more likely explanations" for the defendant's conduct, they "do not plausibly establish [an improper] purpose").

10

Although Mr. Clark alleges that the indictment "was based upon the recklessly false grand jury testimony of Miller" and his "deliberate indifference and reckless disregard for the truth," these conclusory assertions lack plausible factual support. [Compl. ¶ 17]. Mr. Clark tries to add factual enhancement to these assertions by underscoring alleged deficiencies in Detective Miller's investigation:

- "Miller had the tools at his immediate disposal to confirm or to deny whether the individual named in the Supplemental Report, including a location, telephone number, and physical description, was Robert A. Clark." [*Id.* ¶ 6].

- "A simple telephone call to the number listed on the Supplemental Report . . . would have confirmed that Robert L. Clark, whose place of business was Circle C Recycling in Gate City, Virginia, with the telephone number of (276) 386-6709, was the person who went to the . . . property [in Gray]." [*Id.*].

- "The least investigation by Miller would have revealed that during this time frame the plaintiff had been working for a concrete company in New Castle, Indiana, and that he was a resident of Springport, Indiana." [*Id.* ¶ 9].

These allegations are equally consistent with mere negligence. Mr. Clark must "allege more by way of factual content" to show that Detective Miller was highly aware during the investigation that Mr. Clark was probably not the culprit and that the alleged shortcomings in the investigation are not "more likely explained by" Detective Miller's negligence. *Iqbal*, 556 U.S. at 680, 683 (citing *Twombly*, 550 U.S. at 570). Indeed, the fact that the name in the Supplement Report is identical to Mr. Clark's name, apart from the middle initials, suggests that this case of mistaken identity is just that—a mistake.

When the Court accepts the allegations as true and construes the allegations in the light most favorable to Mr. Clark, they show—at most—that Detective Miller's investigation is consistent with both negligence and recklessness. Mr. Clark therefore has not "nudge[d] [his] claim" for malicious prosecution "across the line from conceivable to plausible," and the Court will dismiss this claim against Washington County. *Deom*, 591 F. App'x at 320 (quoting *Twombly*, 550 U.S. at 570). The Court will also dismiss the individual-capacity claims against Detective Miller and Sheriff Graybeal because they are based on the same alleged misconduct as the official-capacity claims. *See Ritchie v. Coldwater Cmty. Schs.*, No. 1:11-CV-530, 2012 WL 2862037, at *7 n.4 (W.D. Mich. July 11, 2012) (noting that official-capacity suits and individual-capacity suits are "not mutually exclusive") (citation omitted)); *Messina v. Mazzeo*, 854 F. Supp. 116, 147 (E.D.N.Y. 1994) (stating that "the distinction between individual and official capacity suits is to allow the real party in interest to assert the immunities and defenses to which they are entitled (*e.g.*, Eleventh Amendment immunity from suit or the need to assert municipal custom or policy) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991))).

### B. Malicious Prosecution under Tennessee law

Defendants argue that the Court should dismiss Mr. Clark's common-law claim for malicious prosecution arising in Sullivan County because it is time-barred. [Defs.' Mot. to Dismiss at 5]. Defendants also argue that Mr. Clark's common-law claim for malicious prosecution arising in Washington County warrants dismissal because Mr. Clark "does not allege any facts suggesting that Officer Miller presented false or fraudulent information to

12

the grand jury." [*Id.* at 6–7]. In response, Mr. Clark "admits that the statute of limitations has run any claims [sic] that he had against Sullivan County and its employees" but nevertheless argues that dismissal is inappropriate because "the two prosecutions were completely intertwined and both depended on the investigation of defendant Miller." [Pl.'s Resp. at 9–10]. As to the claim for malicious prosecution arising in Washington County, Mr. Clark asserts that he has alleged enough facts to show "intentional acts of official misconduct" under Tenn. Code Ann. section 8-8-302, the statute under which he claims to bring his action for malicious prosecution. [*Id.* at 11 (quotation omitted)].[4] *See Jenkins v. Loudon County*, 736 S.W.2d 603, 609 (Tenn. 1987) (determining that actions for intentional misconduct are permissible under Tenn. Code Ann. section 8-8-302), *abrogated on other grounds*, *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73 (Tenn. 2004))); *see also Constantine v. Gadeken*, 563 F. App'x 464, 465 (6th Cir. 2014) (recognizing that a county may be liable for malicious prosecution under Tenn. Code Ann. section 8-8-302).

To state a claim for malicious prosecution under Tennessee law, Mr. Clark must plead sufficient facts that show: "(1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." *Roberts v. Fed. Express Corp.*, 842

---

[4] Tenn. Code Ann. section 8-8-302 states that "[a]nyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." A claim against a state officer in his individual capacity is also permissible under Tennessee law in certain instances. *See* Tenn. Code Ann. § 9-8-307(h) ("State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain.").

13

S.W.2d 246, 247–48 (Tenn. 1992). "[A]n indictment by a grand jury equates to a finding of probable cause," *Crowe v. Bradley Equip. Rentals & Sales, Inc.*, No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *5 (Tenn. Ct. App. Mar. 31, 2010) (citation omitted), unless it "is procured by fraud, false testimony, or where the defendant did not believe in the guilt of the plaintiff," *Kerney v. Aetna Cas. & Sur. Co.*, 648 S.W.2d 247, 252 (Tenn. Ct. App. 1982) (citing *Johnston v. Zale Corp.*, 484 S.W.2d 531, 534 (Tenn. 1972)). An element that is distinct from probable cause, malice is synonymous with "evil intent," *Sullivan v. Young*, 678 S.W.2d 906, 910 (Tenn. Ct. App. 1984) (quotation omitted), and it concerns "the subjective mental state" of the defendant, *Roberts*, 842 S.W.2d at 248.

### 1. *The Prosecution in Sullivan County*

Mr. Clark offers no legal authority for his contention that his claim for malicious prosecution arising in Sullivan County should survive dismissal "because [it is] completely intertwined" with Detective Miller's alleged conduct in Washington County. [Pl.'s Resp. at 9–10]. The Court is unable to give this argument consideration without legal support and therefore will dismiss this claim as time-barred under Tenn. Code Ann. subsection 28-3-104(a)(1)(A). *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also* E.D. Tenn. L.R. 7.1(b) (requiring parties to include in their briefs the "legal grounds which justify the ruling sought from the Court").

### 2. *The Prosecution in Washington County*

Again, Mr. Clark's allegations are—at most—equally consistent with both negligence and malice. Mr. Clark therefore must "allege more by way of factual content" to make a plausible assertion that Detective Miller performed his investigation with a mental state akin to evil intent and not merely with a lack of ordinary care akin to negligence. *Iqbal*, 556 U.S. 683 (citing *Twombly*, 550 U.S. at 570); *see Deom*, 591 F. App'x at 320. The Court will dismiss this claim against Washington County as well as the individual-capacity claims against Detective Miller and Sheriff Graybeal.

## IV. CONCLUSION

Mr. Clark's claim for common-law false arrest and false imprisonment are time-barred, and so are the claims for malicious prosecution arising in Sullivan County under both § 1983 and Tennessee law. Also, Mr. Clark fails to state a plausible claim for malicious prosecution arising in Washington County under both § 1983 and Tennessee law. Defendants' Motion to Dismiss [doc. 6] is therefore **GRANTED**. The Court will enter an order consistent with this opinion.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge